■ LITZ ENTERPRISES, INC., Plaintiff, v STANDARD STEEL INDUSTRIES, INC., Respondent, and PYRAMID STRUCTURAL SYSTEMS Co., Appellant, et al., Defendants.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: This is an appeal from an order denying the motions of Pyramid Structural Systems Company for summary judgment against Standard Steel Industries, Inc., and for summary judgment dismissing the setoffs and counterclaims of Standard as against Pyramid. The underlying action was commenced by Litz Enterprises, Inc., seeking to foreclose a public improvement lien. Standard and Pyramid are defendants in the Litz action. Pyramid denied the actionable paragraphs in the Litz action and pleaded cross claims against Standard seeking the sum of $71,277 representing the amount due on Standard's written agreement to purchase goods, materials and merchandise from Pyramid in the amount of $118,700. Standard admitted the contract but denied that Pyramid had properly performed its obligations thereunder and plead four separate and complete defenses. Factual issues exist as to alleged defective work supplied and performed by Pyramid as pleaded in Standard's second and fourth enumerated defenses. The fifth enumerated defense alleges the breach of Pyramid's oral agreement to provide a five-year maintenance bond and also presents a question of fact. Pyramid admits that it was requested to obtain the bond but contends that it never agreed to furnish it. Standard alleges that it agreed to accept concrete products from Pyramid only on the condition that Pyramid provide a five-year maintenance bond. Pyramid claims that the Statute of Frauds (General Obligations Law, § 5-701, subd 1) requires that the alleged agreement to provide the five-year maintenance bond must be in writing. Such reliance upon the Statute

of Frauds is misplaced. Here what is in issue is whether Pyramid agreed to procure the bond. Such procurance could easily be performed in less than one year. Finally, Standard's third enumerated defense, however, should have been dismissed at Special Term. Standard alleged that it accepted a conditional certificate of completion from the owner of the project conditioned upon the execution by Standard of a five-year contractor's guarantee rather than the one-year contractual guarantee because of the failure of Pyramid to supply precast concrete material in accordance with the plans and specifications, thereby causing Standard to expend unknown sums of money. Such claim is adequately covered in Standard's second and fourth enumerated defenses. Standard's acquiescence in a conditional acceptance is irrelevant to Pyramid's claim against Standard. The five-year contractor's guarantee does not obligate Pyramid, since Pyramid is not mentioned on the guarantee and the performance of the guarantee comes within the Statute of Frauds (General Obligations Law, § 5-701, subd 1). We conclude, therefore, that Special Term properly refused to dismiss the second, fourth and fifth defenses asserted by Standard against Pyramid and since these defenses raise fact issues, Special Term correctly denied Pyramid's motion for summary judgment for its claimed balance of $71,277 due from Standard. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.